IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIANA LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:26-CV-2551-D |
| | § | |
| HOA OF HIGHLAND MEADOWS, INC., et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Briana Lewis ("Lewis") moves to remand this removed case to Dallas county court and requests an award of costs and expenses under 28 U.S.C. § 1447(c). Defendant Riddle & Williams, P.C. ("Riddle & Williams"), the party who removed the case, opposes the motion. For the reasons that follow, the court grants Lewis' motion to remand and her request for an award of costs and expenses under 28 U.S.C. § 1447(c).

I

On December 30, 2024 Lewis filed this lawsuit against HOA of Highland Meadows, Inc. ("HOA"), Spectrum Association Management of Texas, LLC ("Spectrum"), and Riddle & Williams in County Court at Law No. 4 of Dallas County, Texas. In her original petition, Lewis asserted causes of action under common law, state law, and federal law, all for claims arising from alleged improper debt collection activities undertaken in connection with Lewis' account with HOA.

On July 17, 2026 Lewis filed a second amended petition, in which she pleaded for the

first time facts and causes of action alleging race-based discrimination and civil rights claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1982.

On July 31, 2026 Riddle & Williams filed a notice of removal and removed the case to this court based on federal question jurisdiction. Although Riddle & Williams concedes that the county court lawsuit was initially removable when it was first filed in 2024, it maintains that the "revival exception," an exception to the 30-day deadline to file a notice of removal after either receipt of a copy of the initial pleading or service of summons, controls and allows removal as of the date of its notice.[1] Defendants HOA and Spectrum did not join the notice of removal or consent in writing to removal.

On August 31, 2026 Lewis filed the instant motion to remand, and on September 18, 2026 HOA and Spectrum filed a joint consent to removal.

Lewis moves to remand this case on several grounds, and moves under 28 U.S.C. § 1447(c) for an award of costs and expenses, contending that Riddle & Williams lacked an objectively reasonable basis for removal. Riddle & Williams opposes the motion, which the court is deciding on the briefs, without oral argument.

---

[1]"The revival exception provides that a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000). Because the court is granting the motion to remand on the basis of a lack of unanimity, it need not reach the suitability of the revival exception and other related arguments.

## II

Lewis moves to remand this case on several grounds, but the court need only consider one: that even assuming the filing of the July 17, 2026 second amended petition revived defendants' removal right, the right independently failed because HOA and Spectrum, both properly joined and served defendants, neither joined Riddle & Williams' July 31, 2026 notice of removal nor filed a written consent within the resulting 30-day removal period, which expired on August 17, 2026 under 28 U.S.C. § 1446(b)(2)(A).

### A

Where, as here, a case is removed solely under 28 U.S.C. § 1441(a), all defendants who have been properly joined and served in the state-court action must either join in or consent to removal within 30 days. *See* 28 U.S.C. § 1446(b)(2)(A)-(B); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). This requirement is referred to as the "rule of unanimity." *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015). To satisfy the unanimity requirement, it is not required that each defendant "sign the original [notice of] removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil Corp.*, 841 F.2d at 1262 n.11. The failure of all properly joined and served defendants to join in the notice of removal is a procedural, not jurisdictional, defect, and the removing defendant "bear[s] the burden of establishing compliance with the rule of unanimity." *Breitling v. LNV Corp.*, 86 F.Supp.3d 564, 570 (N.D. Tex. 2015) (Horan, J.),

*rec. adopted*, 86 F.Supp.3d 564 (N.D. Tex. 2015) (Lynn, J.).

B

Because HOA and Spectrum did not join in the notice of removal or file separate written consents within 30 days after Lewis filed her second amended petition and properly served the defendants, the unanimity requirement was not satisfied, and Riddle & Williams' removal was procedurally defective.[2]

It is undisputed that Riddle & Williams' notice of removal does not contain either codefendant's explicit consent. And because they do not share counsel, Riddle & Williams cannot act on behalf of HOA or Spectrum. *See Adams v. Augustin*, 2026 WL 533598, at *2 (N.D. Tex. Feb. 26, 2026) (Fitzwater, J.) (finding unanimous consent when the removing defendant and the non-removing defendants shared counsel). Therefore, some other "timely filed written indication" of consent is required. *See Getty Oil Corp.*, 841 F.2d at 1262 n.11.

Riddle & Williams maintains that HOA and Spectrum's written consent filed on September 18, 2026, and Lewis' acknowledgment in her motion to remand that HOA and Spectrum oppose remand, are a "clear manifestation" of consent. D. Br. (ECF No. 11) at 11-12. The court disagrees. Neither the September 18, 2026 joint consent to removal nor

---

[2]HOA and Spectrum were properly joined and served in the county-court action. Both defendants filed a joint general denial in state court on April 3, 2025, and, under Texas law, "an answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance of service of citation upon him," rendering a defendant "properly served" for purposes of effecting removal. *Nat'l Collegiate Student Loan Tr. 2006-3 v. Richards*, 2016 WL 4533216, at *2 (N.D. Tex. Aug. 30, 2016) (Lynn, C.J.) (citing Tex. R. Civ. P. 121).

Lewis' acknowledgment of HOA's and Spectrum's opposition to her motion to remand constitute timely, written consent. Even assuming *arguendo* that the revival exception opened a new window for defendants to remove the case, unanimous consent would have been required within 30 days after defendants received (through service or otherwise) Lewis' amended complaint on July 17, 2026. *See* 28 U.S.C. § 1446(b)(1)-(2). HOA and Spectrum did not file their joint written consent until September 18, 2026, which was 63 days after defendants received proper service of the second amended petition and more than 30 days after the statutory deadline. And Lewis' acknowledgment that HOA and Spectrum opposed her motion to remand has no bearing on establishing valid consent because it came from Lewis, not the codefendants themselves. *See Getty Oil Corp.*, 841 F.2d at 1262 n.11 ("But while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself.").

Riddle & Williams contends that, even if there is a procedural defect regarding consent, Fifth Circuit precedent provides that it can be cured. In support, it cites *Getty Oil*, in which the court explained that 28 U.S.C. § 1653 "provides a method for curing defective allegations of jurisdiction." *Getty Oil Corp.*, 841 F.2d at 1258 n.5 (emphasis added). But Riddle & Williams is not attempting to cure a defective allegation of jurisdiction; it is trying to cure a complete absence of timely written consent, which *Getty Oil* and 28 U.S.C. § 1653 do not support.

Judges of this court commonly grant motions to remand when defendants fail to satisfy the unanimity requirement. *See, e.g.*, *SkyGlass, Inc. v. P'ship, LLC*, 2019 WL

3819282, at *3 (N.D. Tex. Aug. 14, 2019) (Scholer, J.); *Penson Fin. Servs., Inc. v. Golden Summit Invs. Grp., Ltd.*, 2012 WL 2680667, at *7 (N.D. Tex. July 5, 2012) (Boyle, J.). Accordingly, because the lack of joinder or unanimous consent made removal improper, the court grants Lewis' motion to remand.

III

The court now turns to Lewis' request for an award of costs and expenses under 28 U.S.C. § 1447(c).

A

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *In re Enable Com., Inc.*, 256 F.R.D. 527, 533 n.14 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). "The decision to award fees is a matter of discretion." *Fathergill v. Rouleau*, 2003 WL 21467570, at *2 (N.D. Tex. June 23, 2003) (Fitzwater, J.) (citation omitted). A fee award is limited to the "fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997).

B

The court holds that Riddle & Williams lacked an objectively reasonable basis to

remove this case without the timely joinder or consent of HOA and Spectrum. "[T]he law is clear that under 28 U.S.C. § 1446(a), removal procedure requires that all defendants join in the removal petition." *Casas v. Lickity Split Expediting, L.L.C.*, 2023 WL 8434174, at *3 (5th Cir. Dec. 5, 2023) (per curiam) (citation modified) (finding the district court did not abuse its discretion in awarding costs and expenses when the removing defendant did not acquire consent of the codefendant). In cases like this where the law is clear and well settled, this court has consistently awarded § 1447(c) fees where a removing party's conduct was objectively unreasonable. *See, e.g.*, *Gillies v. Five 9 Sec., LLC*, 2018 WL 11373364, at *1 (N.D. Tex. July 20, 2018) (Fitzwater, J.) (awarding fees when defendant removed based on diversity but both parties were Texas citizens); *Gromer v. Mack*, 799 F.Supp.2d 704, 712 (N.D. Tex. 2011) (Fitzwater, C.J.) (awarding fees when defendant removed based on federal question but failed to address, *inter alia*, whether her federal claims satisfied the well-pleaded complaint rule).

C

Accordingly, within 21 days of the date this memorandum opinion and order is filed, the parties must confer regarding the reasonable attorney's fees and costs that Lewis incurred as a result of the removal—that is, the fees and costs incurred in federal court that would not have been incurred had the case remained in state court. If they reach agreement, Riddle & Williams must pay these attorney's fees and expenses within 28 days of the date this memorandum opinion and order is filed. If they do not reach agreement, Lewis must file her application for attorney's fees, just costs, and actual expenses within 21 days of the date this

memorandum opinion and order is filed. Briefing will then follow according to the deadlines prescribed by the local civil rules.

* * *

For the reasons explained, the court grants Lewis' motion to remand and remands this case to County Court at Law No. 4 of Dallas County, Texas. The clerk shall effect the remand according to the usual procedure. The court retains jurisdiction over the request for attorney's fees and costs.

**SO ORDERED**.

November 3, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE